UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| IVAN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:05-cv-35 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| (UNKNOWN) ACKENSON et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous.

**Discussion**

    I.    Factual Allegations

Plaintiff Ivan Williams presently is incarcerated with the Michigan Department of Corrections and housed at the Oaks Maximum Correctional Facility (ECF). He sues the following ECF employees: Warden Cindi Curtin, Assistant Deputy Warden (unknown) Pratt, Inspector (unknown) Ackenson, Capt. (unknown) Spenely, Lt. (unknown) Horning, Capt. (unknown) Shockly, Sgt. (unknown) Nicewander, Resident Unit Manager (unknown) Allmon, and Sgt. (unknown) Wiggen.

The allegations of the complaint, quoted verbatim and in their entirety, are largely either incoherent or delusional:

> deliberate indifference in stoping inhumane treatment Act(s) from staff member(s), on the monitor PA system(s) or in the unit. After the fact of recieving countless, notice(s) grievance(s), and response(s) from Atty General Internal Affair(s) And prison legal service; RUO Onsweed RUO King RUO Fink RUO Ely RUO Lyon RUO Smith RUO Berkil, RUO Phillips RUO Balwin, Sgt Nicewander Sgt Wiggen and all these officer(s) was misusing the monitor PA system(s) and a device, called; (T.M.S.). Transcranial Magnetic stimulation device, that can effect a preson body in difference way(s) it can Mess your Mind up By Soundwave(s). This has been used on Me an other prisoner(s) out of Retaliation the Atty General doe known About these event(s), And The warden(s) deliberatly disregarded all the [unintelligible] Affidvit(s) about the 'staffer(s) behavor problem(s) too to stop their inhumane treatment; After the fact(s) of recieving notice of serious behavor problem(s) from there coworker(s). on all three shift(s) to help each other to retaliate, in the unit(s) agaisnt me, By Being Able to misuse the monitor PA(s) system(s) as a mean(s) to psyologicalys retaliate by calling me, ALL kind(s) of; degrading and belittling and offensive(s) abusive name(s) 24 hour(s) aday, abusing me mentally by making a offensive innuendo(s) calling me, homosexual cock sucker(s) wheelchair cock licker(s) and homosexual Fuck Boy(s). when I have not (ever) done any act like that. My whole (life). These people withon information(s) that was misundersstooded, 13 yr(s) ago A homosexual, tryed to take my cock from me, without my (consent). That doesn't make me a homosexual; in 20 yrs that is the only thing had(s) tryed to happen to me, sexually in prison. In 20 years how can I be homosexual? They told all these prisoner(s) that(s), after the facts of me imforming them about that issue; and the

> RUO(s) still slandered me, morover call me rat(s) and anything els, they could think of, saying I have all kind(s) of medical problem(s), without being medical provider(s); and After a grievance(s) denied making all of those statement(s); And After a grievance(s) denied making all of those statement(s); But still verbaly kept on saying it; and by the supervisor(s) still letting them, retaliate on the monitor PA(s) and the Hallway(s) After the fact(s) are guilty of deliberate indifference(s). Moreover staff should not threaten a prisoner sanity or make them mentally depressed. By creating a hostile enviroment, And now the hostilly has become so great, that my Life is in danger by staff. Im going to need A (T.R.O.) on this one." Sir. Moreover I have witness, to all these event(s), and the Atty General And prison legal service; All the supervisor(s) have deined the use of these device(s); but I have witness who have hear on my behalf or felt airwave pressor in are GAR(s) moreover the supervisor(s) after receiving notice(s) of; showed a failure to stop this form of inhumane treatment, Hell got mad at me for writting thers, About staffer(s) behavor, and after all of that." They still let them misuse the monitor PA system(s), the inspector, claimed he had a investigation on me Medically." But without good cause, Because healthcare didnt imform Him, or anyone els, that they believe I can walk; Therefore his Action(s) was only a cover up way to let everyone get away with using those device(s) in the unit. To retaliate, mentally 24 hour Aday Abusing me from 11-23-03 until 3-19-05 there is no justification for this typ of abuse" from staffer(s). Now I fear for my well being" Mentally and physically.

(Compl. at 4-5.) Plaintiff seeks a temporary restraining order, together with damages in the amount of $20,000 from each Defendant.

    II.    <u>Frivolous</u>

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzk*e, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. at 327. "A finding of factual

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts. *See Neitzke*, 490 U.S. at 327-28; *Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir.1990). An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely. *Id.*

The majority of Plaintiff's complaint is factually frivolous. To the extent his complaint is intelligible, Plaintiff asserts that prison officials are using the public address system, together with a "Transcranial Magnetic Stimulation Device," to create sound waves that "mess your mind up." Such allegations are patently irrational.

The remainder of the complaint is legally frivolous, alleging only that prison guards have slandered him by suggesting he is homosexual. Assuming Plaintiff's allegations of verbal harassment are true, the Sixth Circuit repeatedly has held that the use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim);

*Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at * 3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at * 2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). Accordingly, Plaintiff fails to state an Eighth Amendment claim arising from the alleged verbal abuse.

### III.     Temporary Restraining Order

Plaintiff has moved for a temporary restraining order to enjoin Defendants from retaliating against him by using the "Transcranial Magnetic Stimulation Device" to "break his body down," by otherwise interfering with his food, water and mail, and by verbally harassing him. Because Plaintiff has failed to demonstrate a viable legal claim, he is not entitled to temporary injunctive relief . His motion for temporary restraining order therefore will be denied.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

       This is a dismissal as described by 28 U.S.C. § 1915(g).

       A Judgment consistent with this Opinion will be entered.


Dated:     July 27, 2005              /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                   CHIEF UNITED STATES DISTRICT JUDGE